## DOYLE GENTRY V. STATE.

No. 26,035. November 12, 1952.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by complaint and information with having sold whisky in a dry area on April 6, 1952, to one Lester Gray, and also with having sold whisky to the same witness on April 7, 1952.

The testimony shows that such sales were made by the appellant at such time and place. We find no denial thereof in the record except the appellant's plea of not guilty.

The court charged the jury on each of said two sales and the verdict of the jury found the defendant guilty in both counts and assessed his punishment in each count at a fine of $250.00 and confinement in jail for three months.

There are three bills of exception in the record. Bill of Exception No. 1 complains because the witness, Lester Gray, the purchaser of said liquor, in attempting to fix the hour in which said purchases were made, testified that it was on the second trip out to the appellant's filling station; that he remembered that Mr. Andrew Caddell went with him on the second occasion, and that, "Yes, he (Mr. Caddell) and I decided to go out there Monday evening after we got off the grand jury." The court allowed this

matter to stand over the appellant's objection, and we confess our inability to find any error shown in the bill because of the witness being allowed to thus testify. No reason is given why the same was injurious to the appellant. Moreover, we find that the court's qualification of the bill shows that the answer of the witness Gray was called for by the testimony. No reason appearing as to its erroneous nature, we see no merit in such bill.

Bill of Exception No. 2 relates to the introduction of the bottles of whisky purchased from the appellant by Mr. Gray and Mr. Caddell, which seem to have been fully identified as the same bottles that were presented in court on the trial hereof.

Bill of Exception No. 3 relates to appellant's objection to Paragraph 2 of the court's charge "as commenting on the weight of the evidence and invades the province of the jury to pass on fact questions." We gather from the court's qualification that the objection related to the dry status of Hockley County at the time that these purchases were alleged to have been made. We find in answer thereto that appellant, in open court and together with the state, entered into a stipulation "that Hockley County was a dry area on or about the 6th day of April, 1952, and on or about the 7th day of April, 1952, the dates on which the offenses were alleged to have occurred, and was a dry area at the time of the trial as defined by the Texas Liquor Control Act." Paragraph 2 of the court's charge merely carried out the stipulation agreed to in open court by both parties.

Finding no error in the record, the judgment of the trial court is affirmed.